147

Charles Ayotte }
vs.          } No.42519
Alsace Worsted Company }

Wilfred Ayotte }
vs.          } No.42520
Alsace Worsted Company }

April 19, 1918

TANNER, P. J.   These are actions on the case to recover for damages to a minor child and are heard upon demurrer to the declaration.

The declaration states that the child was over 14 years of age but under 16 years of age at the time of the employment; that upon his employment he furnished the statutory certificate given under the direction of the school committee of the city in which he resides, but that said certificate contained the false statement that the mother of the child, whereas the father, in fact, had control of said child.

These allegations are made to take the case out of the provisions of the Workmen's Compensation Act and to show that said child was not working at an age legally permitted under the laws of the state.

Plaintiff assumes that the false statement contained in the certificate was sufficient to invalidate the employment of the child. We cannot agree with this conclusion. The language of the factory act is substantially that no child under 16 years of age shall be employed in any factory unless such child shall present to his employer an age of employment certificate given by or under the direction of the school committee of the city or town in which the child resides. Such certificate shall state date of birth and birthplace of the child, the height, color of eyes and hair and complexion of such child, the name and place of residence of the person having control of said child, and such certificate shall certify that the child has completed 14 years of age, is able to read at sight and write legibly simple sentences in the English language, and has been examined by a licensed physician and certified to in sufficient health for

148

employment in any occupation in which a child between 14 and 16 years of age may be legally employe, &c.

The act also provides the form of certificate to the foregoing facts. The act further provides that any factory inspector having reason to doubt the accuracy of any statement in any such certificate can obtain said certificate and investigate it, and in a proper case order it cancelled. It is only upon the employment of a child working upon certificate after the cancellation of such certificate that the employer is held guilty of a misdemeanor.

We are of the opinion that a child over 14 and under 16 years of age is legally employed if he has furnished the certificate required by the statute and given under the direction of the school committee. We do not believe that the employment is made void by any false statement contained in the certificate. The responsibility of the correctness of the certificate is ap-

parently placed upon the school committee and the factory inspector. There is nothing in the Act which to our mind indicates that the employer is in any way responsible for the facts stated in the certificate or is made guilty of an illegal employment by reason of a certificate furnished in proper form by the school committee or someone authorized by the school committee. The Wisconsin case cited by the plaintiff was a case where the child was employed without any legal permit upon the theory that the child was more than 16 years of age and required no permit. This is an entirely different case. The child in the case at bar was of an age when he could legally be permitted to work, provided he had the certificate in question. He furnished a certificate in accordance with the requirements of the statute. The certificate by the person having control of the child is apparently for the benefit of the school committee or person by them authorized to assist them in determining whether or not they shall give the certificate to the employer as required by statute.

Perry vs. Tozer, 90 Minn., at pages 438 and 439.

The demurrer to the declaration is therefore sustained upon this ground.

For Plaintiffs: Archambault & Jalbert.

For Defendant: Boss & Barnefield.